IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CRIMINAL CASE NO. 1:08cr108

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| EDWIN SYLVESTER GILLILAND. | ) | |

**THIS MATTER** is before the Court on the Defendant's *pro se* motion for appointment of counsel. [Doc. 26].

On October 8, 2008, the Defendant was charged in a bill of indictment with two counts of possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) (Counts One and Three); two counts of possession of a firearm while being an unlawful user of a controlled substance, in violation of 18 U.S.C. § 922(g)(3) (Counts Two and Four); and one count of possession with the intent to distribute 50 grams or more of a cocaine base, in violation of 21 U.S.C. § 841 (Count Five). [Doc. 1]. On December 30, 2008, the Defendant pled guilty to Count Five pursuant to a plea agreement. [Doc. 12]. Counts One through Four were dismissed. [Doc. 23]. On July 2, 2009, the Defendant was sentenced

to 121 months of imprisonment. [Id.]. The Defendant did not appeal his sentence.

The Defendant filed the instant motion on March 22, 2010, seeking the appointment of counsel on two grounds. First, he states that he requires counsel so that he may file a motion to raise the issue of the "1 to 1 ratio/crack cocaine disparity." [Doc. 26]. The Defendant's reference to a "1 to 1 ratio" is presumably a reference to the pending legislation entitled "The Fairness in Cocaine Sentencing Act of 2009," which was approved by the House Judiciary Committee on July 29, 2009. H.R. 3245, 111th Cong. (2009). This bill, if enacted, would "remove references to 'cocaine base' from the U.S. Code, effectively leaving a 1-1 ratio." United States v. Medina, No. 08CR256-L, 2009 WL 2948325, at *2 (S.D. Cal. Sep. 11, 2009). The bill, however, has not been enacted. Id.; United States v. Brooks, No. 07-05-01 Erie, 2009 WL 4927883, at *1 (W.D. Pa. Dec. 21, 2009). "[T]his pending legislation does not provide the Court the authority to modify the Defendant's previously imposed sentence." United States v. Brown, No. 07-cr-95-004-P-S, 2009 WL 3837630, at *2 (D. Me. Nov. 17, 2009). Because the Defendant cannot seek a modification of his sentence

based on this pending legislation, his request for the appointment of counsel must be denied.

Second, the Defendant seeks the appointment of counsel on the ground that he has a substantial amount of information he is willing to provide to the Government in exchange for a sentence reduction. A defendant, however, has no right to appointed counsel in connection with a Rule 35(b) motion filed by the Government. See United States v. Taylor, 414 F.3d 528, 536 (4th Cir. 2005).

For the foregoing reasons, **IT IS, THEREFORE, ORDERED** that the Defendant's *pro se* motion for appointment of counsel [Doc. 26] is **DENIED**.

**IT IS SO ORDERED**.

Signed: April 13, 2010

Martin Reidinger
United States District Judge